UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| LAYLA D. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:17-00040 ) CHIEF JUDGE CRENSHAW |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| Defendant. | ) |

# ORDER

Pending before the Court is a Report and Recommendation (Doc. No. 15) in which the Magistrate Judge recommends denying Layla D. Williams' Motion for Judgment on the Administrative Record (Doc. No. 12) and affirming the final decision of the Commissioner denying Williams disability benefits. Williams has timely filed objections (Doc. No. 16), the Commissioner has responded (Doc. No. 17), and Williams has filed a reply (Doc. No. 18). The Court has conducted a de novo review of the relevant issues.

Review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (internal quotation marks omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.

1986)). Thus, the Court must affirm the Commissioner's decision if it is based on substantial evidence, even if there is substantial evidence that would also have supported an opposite conclusion. Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir. 2007).

In a one-page filing, Williams lodges two objections to the Report and Recommendation. First, Williams argues that the ALJ improperly omitted discussion of the opinion of treating physician Dr. Rodney McMillin (although the ALJ had previously discussed and disregarded that opinion in her first decision in 2012). (Doc. No. 16 at 1.) The Magistrate Judge correctly rejected this argument in the Report and Recommendation. To the extent the ALJ's failure to directly discuss Dr. McMillin's 2011 opinion in the ALJ's second decision in 2017 was error, it was harmless error because the opinion was (1) outside Dr. McMillin's area of expertise and (2) plainly inconsistent with the record. The clearest example of this is that Dr. McMillin opined in 2011 that Williams could not meet the standards for operating in a workplace setting, however Williams undisputedly continued to perform substantial gainful activity *for the next five years*. As the Commissioner properly asserts, remanding this case for the ALJ to disregard a patently deficient opinion would serve no purpose because the Commissioner would not possibly credit it.

Second, Williams contends that the ALJ improperly failed to discuss the opinion of examining physician Dr. Sanjay Thakur. (Doc. No. 16 at 1.) Again, the Magistrate Judge correctly dismissed this argument. The opinions of examining physicians, unlike treating physicians, are not entitled to any special deference. Peterson v. Comm'r of Soc. Sec., 552 F. App'x 533, 539 (6th Cir. 2014); Barker v. Shalala, 40 F.3d 789 (6th Cir. 1994). In addition, the ALJ must take into account the amount of relevant evidence supporting a source's opinion. Karger v. Comm'r of Soc. Sec., 414 F. App'x 739, 751 (6th Cir. 2011). Dr. Thakur's opinion – the result of only two examinations – was provided in "checkbox" form without supporting objective evidence. This

alone entitles the ALJ to give it little weight. Ellars v. Comm'r of Soc. Sec., 647 F. App'x 563, 566 (6th Cir. 2016) (collecting cases). Beyond this, Dr. Thakur's opinion was inconsistent with other medical evidence of record. Williams has not identified any additional underlying objective support for Dr. Thakur's opinion. In sum, the ALJ was not obligated to provide "good reasons" for rejecting Dr. Thakar's non-treating-source opinion, Norris v. Comm'r of Soc. Sec., 461 F. App'x 433, 439 (6th Cir. 2012), and, regardless, Dr. Thakar's opinion was of little, if any, assistance to the ALJ.

Accordingly, the Court is satisfied that substantial evidence supported the ALJ's finding that Williams' allegations of disability were not established by the record. The ALJ considered the medical evidence and the Magistrate Judge properly evaluated the ALJ's decision. At the very least, the ALJ's determination was reasonable based upon an allowable consideration of record evidence and fell within the permissible "zone of choice" within which the ALJ could "go either way, without interference by the courts." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009). It is therefore inappropriate to disturb the ALJ's conclusions. Accordingly, the Report and Recommendation (Doc. No. 15) is **APPROVED AND ADOPTED**. The Motion for Judgment on the Administrative Record (Doc. No. 12) is **DENIED** and the final decision of the Commissioner is **AFFIRMED**. The Clerk shall enter judgment pursuant to the Federal Rules of Civil Procedure and close the case.

IT IS SO ORDERED.

                                                                            _____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE